**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MICHAEL WENK, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 11-5774 (PGS) |
| | : | |
| v. | : | |
| | : | |
| N.J. STATE PRISON | : | |
| EDUCATION DEPT. et al., | : | |
| | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

**Sheridan**, District Judge:

   Plaintiff Michael Wenk ("Plaintiff"), an inmate confined at the New Jersey State Prison ("NJSP"), Trenton, New Jersey, seeks to bring this Section 1983 action <u>in</u> <u>forma</u> <u>pauperis</u>, alleging violations of his constitutional rights.

   The Court will allow Plaintiff to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, pursuant to 28 U.S.C. § 1915(a), and will order the Clerk to file the Complaint.  At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

**I.   BACKGROUND**

   The Complaint asserts that Plaintiff's rights were violated

when his prison officials refused to provide him with materials he requested in order to prepare for the General Educational Development (or "GED") tests.[1]  See Docket Entry No. 1.  Naming the New Jersey State Prison Education Department, New Jersey State Prison Education Department Prison Social Services and two prison officials as Defendants in this matter, Plaintiff seeks $15,000 from each Defendant and, in addition, seeks injunctive relief in the form of this Court's order directing NJSP officials to provide inmates with educational materials allowing them to "better their lives."  Id. at 1 and 7.

## II. STANDARD OF REVIEW

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89 (2007); Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  Indeed, it is long established that a court should "accept as true all of the [factual] allegations in the  complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  However, while a court will accept well-pled allegations as true, it will not accept bald

---

[1] The GED tests are a group of five subject tests which, when passed, certify that the taker has American or Canadian high school-level academic skills.

assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id.

Addressing the clarifications as to the litigant's pleading requirement stated in the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the courts in this Circuit with detailed and careful guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S. Ct. at 1964-65 . . . Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 1965 n.3. . . . "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3. . . . [Indeed, it is not] sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of the proscribed conduct." Id.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the United States Supreme Court in its recent decision Ashcroft v. Iqbal,

129 S. Ct. 1937 (2009):

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  Id. at 557. . . . A claim has facial plausibility [only] when the plaintiff pleads factual content . . . .  Id. at 556. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [,i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . .  It is the conclusory nature of [these] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn . . . the discovery process.  Twombly, 550 U.S.] at 559 . . . .  [The plaintiff] is not entitled to discovery [where the complaint alleges any of the elements] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope to develop facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

III. **DISCUSSION**

    Here, Plaintiff asserts that his rights were violated because he was not provided with GED educational materials. However, prisoners have no constitutional right to an education. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981) ("Prisoners have no constitutional right to . . . education"); Canterino v. Wilson, 869 F.2d 948, 952-54 (6th Cir. 1989) (same); Risso v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985) (same); Garza v. Miller, 688 F.2d 480, 486 (7th Cir. 1982) (same); Shaw v. Parker, 2009 U.S. Dist. LEXIS 12007 (D. Del. Feb. 18, 2009) (same); Short v. Danberg, 2008 U.S. Dist. LEXIS 84917 (D. Del. Oct. 21, 2008) (same); Mason v. Educ. Dep't, 2008 U.S. Dist. LEXIS 42183 (D. Del. May 28, 2008) ("[Plaintiff] contends he is being denied education and schooling.  Unfortunately for [Plaintiff], prisoners have no constitutional right to an education"); Wright v. Williams, 2008 U.S. Dist. LEXIS 38851 (D. Del. May 13, 2008) (same); Boyer v. Taylor, 2007 U.S. Dist. LEXIS 51159 (D. Del. July 16, 2007) (same); Glenn v. Hayman, 2007 U.S. Dist. LEXIS 20092 (D.N.J. Mar. 20, 2007) (same); Longendorfer v. Roth, 1992 U.S. Dist. LEXIS 5806 (E.D. Pa. Apr. 23, 1992) (same).  Moreover, to the degree Plaintiff wishes to obtain GED materials to "better his life," his claim is too facially without merit: it is well-established that the individuals serving criminal sentences have no constitutional right to rehabilitation while in prison.

See <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976) (inmate has no legitimate statutory or constitutional entitlement in eligibility for rehabilitative program sufficient to invoke due process when eligibility decision is discretionary with prison officials); <u>Torres Garcia v. Puerto Rico</u>, 402 F. Supp. 2d 373, 383 (D.P.R. 2005) (inmates have no constitutional interest in participation in a rehabilitation program); <u>Pabon v. McIntosh</u>, 546 F. Supp. 1328, 1339 (E.D. Pa. 1982) (the failure of prison authorities to afford rehabilitative programs in prison is constitutionally unobjectionable).  Accordingly, the Court will dismiss Plaintiff's claims as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**IV.    LEAVE TO AMEND**

Ordinarily, the plaintiff may be granted "leave [to amend,] . . . when justice so requires." <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>accord</u> <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1414 (3d Cir. 1993).

Indeed, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep . . . may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." <u>Foman</u>, 371 U.S. at 182-83.  However, "[a]llowing leave to amend where there is a stark absence of any suggestion by the

plaintiffs [may] cure the defects in the pleadings . . . would frustrate Congress's objective in enacting this statute of 'provid[ing] a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis." Cal. Pub. Emples'. Ret. Sys. v. Chubb Corp., 394 F.3d 126, 164 (3d Cir. 2004) (internal quotation marks and citation omitted); accord In re Career Educ. Corp. Sec. Litig., 2007 U.S. Dist. LEXIS 23635, at *36 (N.D. Ill. Mar. 29, 2007) (where "plaintiffs have had ample opportunities to research and plead their claims," but failed to compose a sufficient pleading, the complaint must be dismissed with prejudice).

Here, Plaintiff's Complaint fails to state a cognizable claim. Moreover, the Complaint unambiguously indicates that Plaintiff's challenges based on the alleged denial of educational materials are without merit, and this deficiency cannot be cured by repleading. Therefore, allowing Plaintiff an opportunity to amend his pleading will be futile. Consequently, Plaintiff's claims will be dismissed with prejudice.

**V.   CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff in forma pauperis status and direct filing of Plaintiff's Complaint. The Court will dismiss Plaintiff's allegations for failure to state a claim upon which relief can be granted. Such dismissal will be with prejudice.

An appropriate Order accompanies this Opinion.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

November 28, 2011